BRYAN, Judge,
concurring in part and dissenting in part.
This is a postdivorce proceeding that involves the proposed relocation of the principal residence of the seven-year-old child born during the marriage of Matthew D. Harbin (“the father”) and Augustine B. Harbin Steed (“the mother”). The Mobile Circuit Court overruled the father’s objection to the proposed relocation of the child, and a majority of this court has affirmed that ruling after determining that the mother overcame the presumption found in § 30-3-169.4, Ala.Code 1975, i.e., that a change of the child’s principal residence is not in the best interest of the child. Because my review of the record leads me to conclude that the mother failed to meet her burden, I respectfully dissent from the decision reached by the majority to affirm the trial court’s judgment as to this issue. As I have stated before:
“I do not take lightly this court’s duty to presume that factual findings made by a trial court are correct. However, after review of the record in this case, I fear that the policy of this state, which is to encourage frequent and continual contact between a child and both of his or her parents after a divorce, is disintegrating under a mistaken belief that a relocating parent does not have a significant burden to overcome, especially in cases such as this where the nonrelocat-ing parent and the child have a strong bond.”
Knight v. Knight, 53 So.3d 942, 960 (Ala. Civ.App.2010) (Bryan, J., concurring in part and dissenting in part).
The father also requested a modification of custody based on the proposed relocation of the mother and the mother’s alleged inability to provide stability for the child. During the final hearing, the mother testified that if the trial court did not allow the child’s principal residence to be relocated, then she would remain in Mobile with the child. Because the mother testified that she would remain in Mobile with the child if her request to relocate the child was not granted, and because I find insufficient evidence in the record that would otherwise support the father’s request to modify custody of the child, I would affirm the trial court’s judgment denying the father’s request to modify custody of the child. Thus, for this reason, I concur to affirm the trial court’s judgment as to this issue.
Regarding the remaining arguments presented by the father on appeal — that the trial court erred in admitting certain evidence and that the trial court did not permit a thorough and sifting cross-examination on relevant issues — I concur to affirm the trial court’s judgment.